

**BERRY LAW**

6940 "O" Street, Suite 400
Lincoln, Nebraska 68510

With offices in Omaha and Seward



CERTIFIED MAIL®

7020 3160 0002 3221 0678

Hasler
06/10/2021
US POSTAGE $007.16⁰

FIRST-CLASS MAIL



ZIP 68504
011E11679607

Alegent Health – Bergan Mercy Health System
c/o CT Corp System, Registered Agent
5601 S. 59th Street, Ste C
Lincoln, NE 68516

6851632340 C035

EXHIBIT 1

| Image ID: D00736721D01 | **SUMMONS** | Doc. No. 736721 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Deborah Bjorman v. Alegent Hlth Bergan Mercy Hlth Sys

Case ID: CI 21    6291

TO: Alegent Health Bergan Mercy Health
DBA: Alegent Creighton Hlth Bergan Mercy   DBA: CHI Health Creighton Univ Med Ctr

You have been sued by the following plaintiff(s):

   Deborah Bjorman

Plaintiff's Attorney:   Susan M Napolitano
Address:                6940 O Street #400
                        Lincoln, NE 68510

Telephone:              (402) 466-8444

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JUNE 10, 2021        BY THE COURT:   *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Alegent Health Bergan Mercy Health
   c/o CT Corp System, Reg Agent
   5601 S 59th Street, Ste C
   Lincoln, NE 68516

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

EXHIBIT 1

Filed in Douglas District Court
\*\*\* EFILED \*\*\*
Case Number: D01CI210006291
Transaction ID: 0013582662
Filing Date: 06/09/2021 04:35:31 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| **DEBORAH BJORMAN,** | Case No. CI 21-_____ |
| Plaintiff, | |
| vs. | COMPLAINT, DEMAND FOR JURY TRIAL AND PRAECIPE |
| **ALEGENT HEALTH - BERGAN MERCY HEALTH SYSTEM d/b/a ALEGENT CREIGHTON HEALTH BERGAN MERCY HEALTH SYSTEM and d/b/a CHI HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER-BERGAN MERCY,** | |
| Defendant. | |

COMES NOW the Plaintiff, by and through her attorneys, and for her causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed the Plaintiff by the Fair Labor Standards Act, 29 U.S.C. Section 201 et.seq. and the laws of the State of Nebraska, including, but not limited to the Nebraska Wage Payment and Collection Act, the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 48-1114 et.seq., Neb. Rev. Stat Sec. 48-1201 et.seq and Neb. Rev. Stat. Section 20-148.

2. This Court has original jurisdiction over the claims arising under Nebraska law and has concurrent jurisdiction over the federal claims arising under 29 U.S.C. Section 201 et. seq.

3. Plaintiff Deborah Bjorman is a resident of Lincoln, Lancaster County, Nebraska.

1

EXHIBIT 1

4.  Upon information and belief, the Defendant is an employer located in Douglas County, Nebraska. The Defendant is an employer as that term is defined pursuant to the applicable state and federal statutes set forth herein.

5.  The plaintiff has fulfilled all the administrative prerequisites to filing the instant action. The instant action is timely under both state and federal law.

6.  At all times alleged herein and upon information and belief, the Plaintiff was employed as a nurse practitioner from approximately July of 2001 until June 17, 2019. Plaintiff satisfactorily performed her job with the Defendant until the date of her wrongful termination on June 17, 2019.

7.  Plaintiff believes she has been discriminated against on the basis of whistleblower retaliation, in violation of Section 48-1114(1)(c) of the Nebraska Fair Employment Practice Act.

8.  On or around April 18, 2016, Supervisor for Neo-Natal Nurse Practitioners Sarah Mayhue ("Mayhue") told Plaintiff that Defendant's practice had been to use PTO hours to balance out full time weekly hours in a pay period for employees, even if the employee had worked 60 hours one week, and not worked the required 36 hours per week in the other week of the pay period.

For example, for Week 1, an employee worked 60 hours. Of those 60 hours, 40 hours are paid at the normal rate and 20 hours are overtime pay. But on week 2, if employee works 12 hours, then the employee would have to use 24 hours of PTO time to compensate for not working a full-time week. Employee is unable to "bank" any more PTO hours because limit has been reached. Employee loses 24 hours of earned PTOs. Employee also loses additional funds

EXHIBIT 1

in retirement account or 401K. Employee loses additional income that pay period.

9. Employee's loss of Paid Time Off hours resulted in loss of earned income, loss of income for the pay period, and loss of funds placed into retirement accounts.

10. Plaintiff reported the error to Lisa Yates on or around April 18, 2016, and she said that she would look into it.

11. APRN Rachel Butler ("Butler") also sent an email to all nurses on April 18, 2016 stating employees could now use PTO if they were short hours one week but over hours the other week.

12. Plaintiff met with HR Representative Todd Hoffman ("Hoffman") on May 16, 2016. Plaintiff emailed Hoffman in October of 2016 to check the status of correcting the payroll issue, and he told Plaintiff that he thought she was looking into the matter. Plaintiff explained to him that she does not have access to that information.

13. Plaintiff continued to raise concerns about this practice over the next year and a half, however Mayhue and Butler both stated that Hoffman needed Plaintiff to provide specific examples of the payroll issue.

14. On January 17, 2019, Butler and Unit Director Lauren Westerdale ("Westerdale") asked Plaintiff if her payroll concerns had been resolved and she told them they had not been resolved. They then told Plaintiff that she would need to get a Nursing License in Iowa. Plaintiff took all steps necessary to get her Nursing License in Iowa, but because the process takes a long time, she was

EXHIBIT 1

given a final written warning on January 24, 2019 for not having yet obtained her Iowa License. It took others a long time to get their Iowa Licenses as well, but nobody else was written up for this.

15. In April of 2019, Plaintiff was harassed when Westerdale told her that she wanted Plaintiff to stop talking about the payroll issue.

16. On June 14, 2019, Plaintiff was brought in to talk to Westerdale, Butler, and Director of Women's Services Lisa Strasheim ("Strasheim") regarding an IRIS report made by RNs regarding an exam that Plaintiff performed on a baby on May 26, 2019.

17. Plaintiff's assessment of the baby was correct, and no harm came to the baby, however Plaintiff was told that the RNs did not think the Neo-Natal Nurse Practitioners, including Plaintiff, took their concerns seriously. Concerns were also brought up that Plaintiff's exam notes did not match the RNs description of her exam, though the RN was not present for the entire exam. Plaintiff was suspended for this, pending investigation.

18. On June 17, 2019, Plaintiff was terminated by Strasheim and Westerdale for the allegations in the IRIS report from May.

19. To Plaintiff's knowledge, nobody has ever been disciplined or terminated for issues brought up in an IRIS report. IRIS reports are intended to be for quality assurance and are not intended for punitive action.

20 Plaintiff's job performance was satisfactory for the 17 years prior to this incident.

EXHIBIT 1

21. As set forth above, the Defendant's actions regarding compensation of the Plaintiff was willful and was done with a reckless disregard of the Plaintiff's rights under state and federal law. Plaintiff is due and owing monetary compensation for the PTO that should have accrued. The wages and compensation in dispute have been due and owing for more than thirty (30) days from the date of the Plaintiff's last regularly scheduled payday.

22. All of the aforementioned discriminatory and retaliatory acts and conduct were done while the supervisors, agents, and/or management level employees were acting in the scope and course of their employment with the Defendant. All discriminatory and retaliatory acts alleged herein occurred within Douglas County, the State of Nebraska.

23. At all time relevant, Defendant was aware of its duty and obligations under the aforementioned statutes; the Defendant's conduct was willful and/or done with a reckless disregard of the Plaintiff's rights. Liquidated damages and/or punitive damages are appropriate.

## COUNT I

Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

24 As set forth above, the Defendant has violated the Fair Labor Standards Act when forcing employees to use PTO to meet a 40 hour work week and by retaliating against the Plaintiff after she engaged in a protected activity of reporting illegal conduct of the Defendant. Said conduct is violative of the FLSA.

EXHIBIT 1

25. As a result of the Defendant's illegal actions, the Plaintiff has sustained lost wages, lost retirement, lost PTO, and incurred attorney's fees and costs in bringing this action.

26. The Defendant's actions were willful and were done with a reckless disregard of the Plaintiff's rights. Liquidated damages, lost wages, interest on said wages, front pay, attorney's fees, and costs are appropriate in the instant action.

## COUNT II

Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

27. As set forth above, the Defendant has violated Neb. Rev. Stat. Section 48-1201 et.seq. by refusing to compensate Plaintiff in a manner required under said law for overtime work performed by the Plaintiff and retaliating against the Plaintiff after she opposed the Defendant's illegal activities.

28. As a result of the Defendant's illegal actions, the Plaintiff has sustained lost wages, lost retirement, lost PTO, and incurred attorney's fees and costs in bringing this action.

29. The Defendant's actions were willful and were done with a reckless disregard of the Plaintiff's rights. Liquidated damages are appropriate in the instant action as are a recovery of lost wages and interest thereon, attorney's fee and costs.

## COUNT III

Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

EXHIBIT 1

30. Defendant retaliated against the Plaintiff after she reported and/or opposed a practice and/or action of the Defendant which she believed was unlawful under state or federal law. Such conduct violates Neb. Rev. Stat. Section 48-1101 et.seq and the public policy of the State of Nebraska.

31. As a result of the Defendant's retaliatory conduct, the Plaintiff has incurred lost income and continues to incur these damages. Plaintiff has sustained lost wages, lost retirement, lost PTO, has incurred emotional harm, is due compensatory damages, attorney's fee, and costs as a result of the Defendant's unlawful actions.

32. At all times alleged herein, the Defendant was aware of its duties and obligations under the law. The Defendant's willful conduct violates the laws and/or public policy of the State of Nebraska and/or the Defendant engaged in conduct which was in reckless indifference to the rights of the Plaintiff. Punitive and/or liquidated damages are appropriate as are lost wages, interest thereon, reinstatement or front pay, compensatory damages, attorney's fee, and costs.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

A. Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate federal or state law or laws;

B. Direct the Defendant to pay an award of back pay, overtime pay, all the job related benefits and job related increments to which she is entitled, including interest thereon, or to find that reinstatement is not appropriate and to award her front pay according to law;

EXHIBIT 1

C. Award the Plaintiff compensatory damages for pain, suffering, humiliation, inconvenience, and emotional distress in an amount to be determined by the jury or the court;

D. Award the Plaintiff punitive and/or liquidated damages against the Defendant in an amount to be determined by the jury or the Court for the causes of action;

E. Enjoin the Defendant from any further retaliation against the Plaintiff;

F. Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

Respectfully submitted,

DEBORA BJORMAN, PLAINTIFF.

BY: /s/ Susan M. Napolitano
Susan M. Napolitano #23437
Christopher Ferdico, #20988
BERRY LAW FIRM
6940 O Street, Suite 400
Lincoln, NE 68510
Phone: (402) 466-8444
Email: susan@jsberrylaw.com
Lawyers for Plaintiff

EXHIBIT 1

## PRAECIPE

Please issue a summons in the above-captioned matter for service of the Complaint and deliver the same to the Plaintiff's attorney for *service by Certified Mail* upon the defendant at the following address:

REGISTERED AGENT FOR DEFENDANT:

C T CORPORATION SYSTEM
5601 SOUTH 59TH STREET
SUITE C
LINCOLN, NE 68516

/s/ Susan M. Napolitano
Susan M. Napolitano #23437

**EXHIBIT 1**